**HARTMAN & CRAVEN LLP**
Peter G. Goodman (PG 4210)
488 Madison Avenue, 16th Floor
New York, New York 10022
(212) 753-7500
pgoodman@hartmancraven.com

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
                                                                 :
**DEER STAGS, INC.,**                                            :
                                                                 :
        **Plaintiff,**     :  08 CIV 3786(LAK)(MHD)
                                                                 :
        -against-          :  **REPLY AND**
                                                                 :  **AFFIRMATIVE DEFENSES**
**CASUAL MALE RETAIL GROUP, INC.,**                              :
**CMRG APPAREL, LLC, f/k/a DESIGNS**                             :
**APPAREL, INC.,**                                               :
**DESIGNS APPAREL, INC.,**                                       :
**CASUAL MALE RBT, LLC,**                                        :
**CASUAL MALE RBT (U.K.), LLC**                                  :
**CASUAL MALE CANADA INC.,**                                     :
**CASUAL MALE STORE, LLC,**                                      :
**CASUAL MALE RETAIL STORE, LLC** and                            :
**CASUAL MALE DIRECT, LLC,**                                     :
                                                                 :
        **Defendants.**    :
------------------------------------------------------------------X

    Plaintiff, Deer Stags, Inc. ("Deer Stags"), by its attorneys, Hartman & Craven LLP, as and for its Reply and Affirmative Defenses to the "Setoffs/Counterclaims" ("Counterclaims") of Designs Apparel, Inc. and CMRG Apparel, LLC ("collectively, "CMRG"), states the following:

1. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Counterclaims, except admits that CMRG has a principal place of business in Canton, Massachusetts and that Deer Stags has entered into agreements with CMRG pursuant to which Deer Stags agreed to sell, and CMRG agreed to purchase and pay for, various styles of footwear.

2. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Counterclaims, except admits that during the course of the parties' business relationship some of CMRG's product buyers and other employees involved in the process of ordering footwear maintained offices in Canton, Massachusetts.

3. Denies the allegations contained in paragraph 3 of the Counterclaims.

4. Denies the allegations contained in paragraph 4 of the Counterclaims, except admits that in or about 2001 CMRG or one of its affiliates started to purchase the Guild shoe for sale through its retail operations.

5. Denies the allegations contained in paragraph 5 of the Counterclaims, except admits that during the course of the parties' business relationship Deer Stags has represented to CMRG that the Guild shoe was made with a leather "upper" and provided leather samples of the Guild shoe to CMRG.

6. Denies the allegations contained in paragraph 6 of the Counterclaims, except admits that at various times Deer Stags sourced shoes (excluding the Guild style), from factories located in Brazil.

7. Denies the allegations contained in paragraph 7 of the Counterclaims, except admits that from 2002 through 2006, CMRG ordered substantial quantities of the

Guild shoe from Deer Stags, some of which orders requested leather, that during the course of the parties' relationship CMRG ordered additional styles of shoes from Deer Stags and that by the end of 2006 CMRG was regularly ordering several different styles of shoes from Deer Stags.

      8.      Denies the allegations contained in paragraph 8 of the Counterclaims.

      9.      Denies that over the course of the parties' interaction Deer Stags consistently warranted to CMRG that each of seventeen Deer Stags styles of shoes it was selling and delivering to CMRG were made with "genuine leather uppers," and responds to the additional allegations contained in paragraph 9 of the Counterclaims as follows:

      a) Denies the allegations contained in paragraph 9(a) of the Counterclaims.

      b) Denies the allegations contained in paragraph 9(b) of the Counterclaims, except admits that some catalog and web purchase orders specified "leather."

      c) Denies the allegations set forth in paragraph 9(c) of the Counterclaims.

      d) Denies the allegations set forth in paragraph 9(d) of the Counterclaims, except admits that Deer Stags tendered some samples of footwear to CMRG in Massachusetts and other places which were made of leather uppers and some which were made of other materials.

      e) Denies the allegations of paragraph 9(e) of the Counterclaims, except admits that some of Deer Stags' products were delivered to CMRG in Massachusetts in packaging which stated that the products were made of "leather."

    f) Denies the allegations of paragraph 9(f) of the Counterclaims except admits that some of Deer Stags' products bore hang tags which stated that such products were made of "leather."

  10. Denies the allegations contained in paragraph 10 of the Counterclaims.

  11. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Counterclaims.

  12. Admits the allegations contained in paragraph 12 of the Counterclaims, but denies that the production of the Guild, Paolo, Suitor, Sanderson and Laval styles of shoes was moved from Brazil to China.

  13. Denies the allegations contained in paragraph 13 of the Counterclaims.

  14. Denies the allegations set forth in paragraph 14 of the Counterclaims, except admits that during 2006 Deer Stags ordered from its factories and delivered to CMRG, with CMRG's approval, a small quantity of the Guild shoe made with polynap uppers.

  15. Denies the allegations contained in paragraph 15 of the Counterclaims, except admits that for a variety of reasons, in 2006 Deer Stags specified polynap uppers for some of its shoe styles manufactured in China.

  16. Denies the allegations contained in paragraph 16 of the Counterclaims, except admits that Deer Stags indicated to CMRG that it would be moving its production of certain shoes to China and states that Deer Stags informed CMRG that synthetic material was being used for certain styles of shoes.

  17. Denies the allegations contained in paragraph 17 of the Counterclaims, except admits that Deer Stags ordered from factories in China for delivery to CMRG in

Massachusetts certain styles of shoes with leather uppers and certain styles of shoes with synthetic uppers.

18. Denies the allegations contained in paragraph 18 of the Counterclaims.

19. Denies the allegations contained in paragraph 19 of the Counterclaims, except admits that Deer Stags charged CMRG the same price for the Guild style shoes made of either leather uppers or synthetic uppers.

20. Denies the allegations contained in paragraph 20 of the Counterclaims, except admits that during the course of the parties' business relationship Deer Stags provided samples of various styles of shoes with leather uppers to CMRG in Massachusetts.

21. Denies the allegations contained in paragraph 21 of the Counterclaims, except admits that during the course of the parties' business relationship some of CMRG's catalog and web purchase orders specified fabric content to be leather.

22. Denies the allegations contained in paragraph 22 of the Counterclaims, except admits that during the course of the parties' business relationship certain Guild shoes were shipped in packaging and with hang tags which stated that the products contained leather uppers.

23. Denies the allegations contained in paragraph 23 of the Counterclaims.

24. Denies the allegations contained in paragraph 24 of the Counterclaims, except admits that in June 2006, Deer Stags provided CMRG with product descriptions for certain styles of shoes and that some of the descriptions identified the shoes as being made of "genuine leather."

25. Denies the allegations contained in paragraph 25 of the Counterclaims.

26. Denies the allegations contained in paragraph 26 of the Counterclaims.

27. Denies the allegations contained in paragraph 27 of the Counterclaims.

28. Denies the allegations contained in paragraph 28 of the Counterclaims.

29. Denies the allegations contained in paragraph 29 of the Counterclaims, except denies knowledge or information sufficient to admit or deny the allegations regarding CMRG's "impressions."

30. Denies the allegations contained in paragraph 30 of the Counterclaims.

31. Denies the allegations contained in paragraph 31 of the Counterclaims.

32. Denies the allegations contained in paragraph 32 of the Counterclaims, except admits that at a meeting during 2007 with CMRG's personnel in Canton, Massachusetts, in response to CMRG's inquiry, Deer Stags' principal Steve Muskat explained why the Sanderson style shoe contained synthetic material.

33. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 33 of the Counterclaims.

34. Denies the allegations contained in paragraph 34 of the Counterclaims, except admits that in approximately late April-May 2007 CMRG objected to the delivery of certain styles of shoes which contained polynap uppers and that CMRG made an unreasonable omnibus demand which was rejected by Deer Stags.

35. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 of the Counterclaims, except admits that in approximately late April-May 2007, CMRG cancelled all open orders to Deer Stags.

36. Denies that any of Deer Stags' products sold to CMRG were "adulterated" and denies knowledge or information sufficient to admit or deny the remaining

allegations contained in paragraph 36 of the Counterclaims, except admits, upon information and belief, that CMRG has sold substantial amounts of the Deer Stags' footwear which was constructed of leather uppers and substantial amounts of the Deer Stags' footwear which was constructed of polynap uppers.

*First Setoff/Counterclaim*
**(Breach of Express Warranty)**

37. Deer Stags repeats and realleges each and every response to paragraphs "1" through "36" as if set forth at length herein.

38. Denies the allegations contained in paragraph 38 of the Counterclaims, except admits that during 2006 and 2007 Deer Stags sold and delivered to CMRG a large number of units of the Guild, Paolo, Suitor, Sanderson and Laval styles of shoes.

39. Denies the allegations contained in paragraph 39 of the Counterclaims.

40. Denies the allegations contained in paragraph 40 of the Counterclaims.

41. Denies the allegations contained in paragraph 41 of the Counterclaims.

42. Denies the allegations contained in paragraph 42 of the Counterclaims.

43. Denies the allegations contained in paragraph 43 of the Counterclaims.

44. Denies the allegations contained in paragraph 44 of the Counterclaims.

*Second Setoff/Counterclaim*
**(Breach of Implied Warranty of Merchantability
and/or Fitness for a Particular Purpose)**

45. Deer Stags repeats and realleges each and every response to paragraphs "1" through "44" as if set forth at length herein.

46. Denies the allegations contained in paragraph 46 of the Counterclaims, except admits that Deer Stags is and has been engaged in the business of the sale and distribution of footwear products to retailers and consumers.

47. Denies the allegations contained in paragraph 47 of the Counterclaims, except admits that during the period from 2002 through early 2007 Deer Stags sold and delivered to CMRG substantial quantities of various styles of shoes and that CMRG paid for some of these shoes.

48. Denies the allegations contained in paragraph 48 of the Counterclaims.

49. Denies the allegations contained in paragraph 49 of the Counterclaims.

50. Denies the allegations contained in paragraph 50 of the Counterclaims.

51. Denies the allegations contained in paragraph 51 of the Counterclaims.

52. Denies the allegations contained in paragraph 52 of the Counterclaims.

53. Denies the allegations contained in paragraph 53 of the Counterclaims.

### *Third Setoff/Counterclaim*
**(Breach of Implied Duty of Good Faith and Fair Dealing)**

54. Deer Stags repeats and realleges each and every response to paragraphs "1" through "53" as if set forth at length herein.

55. Denies the allegations contained in paragraph 55 of the Counterclaims.

### *Fourth Setoff/Counterclaim*
**(Breach of Contract)**

56. Deer Stags repeats and realleges each and every response to paragraphs "1" through "55" as if set forth at length herein.

57. Denies the allegations contained in paragraph 57 of the Counterclaims, except admits that CMRG and Deer Stags entered into various contracts for the purchase and delivery of the Guild, Paolo, Suitor, Sanderson and Laval styles of shoes and refers the Court to said contracts for the terms and conditions thereof.

58. Denies the allegations contained in paragraph 58 of the Counterclaims.

59. Denies the allegations contained in paragraph 59 of the Counterclaims.

60. Denies the allegations contained in paragraph 60 of the Counterclaims.

### *Fifth Setoff/Counterclaim*
**(Unjust Enrichment)**

61. Deer Stags repeats and realleges each and every response to paragraphs "1" through "60" as if set forth at length herein.

62. Denies the allegations contained in paragraph 62 of the Counterclaims.

### *Sixth Setoff/Counterclaim*
**(Deceptive Trade Practices)**

63. Deer Stags repeats and realleges each and every response to paragraphs "1" through "62" as if set forth at length herein.

64. Admits the allegations contained in paragraph 64 of the Counterclaims.

65. Admits the allegations contained in paragraph 65 of the Counterclaims.

66. Denies the allegations contained in paragraph 66 of the Counterclaims.

67. Denies the allegations contained in paragraph 67 of the Counterclaims.

68. Denies the allegations contained in paragraph 68 of the Counterclaims.

69. Denies the allegations contained in paragraph 69 of the Counterclaims.

70. Denies the allegations contained in paragraph 70 of the Counterclaims.

### *Seventh Setoff/Counterclaim*
**(Fraud)**

71. Deer Stags repeats and realleges each and every response to paragraphs "1" through "70" as if set forth at length herein.

72. Denies the allegations contained in paragraph 72 of the Counterclaims.

73. Denies the allegations contained in paragraph 73 of the Counterclaims.

74. Denies the allegations contained in paragraph 74 of the Counterclaims.

75. Denies the allegations contained in paragraph 75 of the Counterclaims.

76. Denies the allegations contained in paragraph 76 of the Counterclaims.

77. Denies the allegations contained in paragraph 77 of the Counterclaims.

*Eighth Setoff/Counterclaim*
**(Negligent Misrepresentation)**

78. Deer Stags repeats and realleges each and every response to paragraphs "1" through "77" as if set forth at length herein.

79. Denies the allegations contained in paragraph 79 of the Counterclaims.

80. Denies the allegations contained in paragraph 80 of the Counterclaims.

81. Denies the allegations contained in paragraph 81 of the Counterclaims.

82. Denies the allegations contained in paragraph 82 of the Counterclaims.

83. Denies the allegations contained in paragraph 83 of the Counterclaims.

84. Denies the allegations contained in paragraph 84 of the Counterclaims.

85. Denies the allegations contained in paragraph 85 of the Counterclaims.

*Ninth Setoff/Counterclaim*
**(Declaratory Judgment)**

86. Deer Stags repeats and realleges each and every response to paragraphs "1" through "85" as if set forth at length herein.

87. Denies the allegations contained in paragraph 87 of the Counterclaims.

**First Affirmative Defense**

88. The Counterclaims fail to set forth a cause of action upon which relief can be granted against Deer Stags.

**Second Affirmative Defense**

89.    CMRG's Counterclaims should be dismissed, or any damages to which it may be entitled reduced, in whole or in part, by CMRG's acceptance of the goods.

**Third Affirmative Defense**

90.    Pursuant to UCC 2-602, CMRG's Counterclaims should be dismissed, or any damages to which it may be entitled reduced, in whole or in part, by CMRG's failure to reject the allegedly non-conforming goods within a reasonable time after their delivery or tender, and to seasonably notify Deer Stags of such rejection.

**Fourth Affirmative Defense**

91.    Pursuant to UCC 2-607, CMRG is barred from any remedy because it failed to notify Deer Stags of the alleged breaches within a reasonable time after it discovered or should have discovered such alleged breaches.

**Fifth Affirmative Defense**

92.    Pursuant to UCC 2-608, CMRG's Counterclaims should be dismissed, or any damages to which it may be entitled reduced, in whole or in part, by CMRG's failure to revoke its acceptance and/or notify Deer Stags of such revocation, within a reasonable time after it discovered or should have discovered the alleged non-conformity of the goods.

**Sixth Affirmative Defense**

93.    Pursuant to UCC 2-608, CMRG's Counterclaims should be dismissed, or any damages to which it may be entitled reduced, in whole or in part, because any alleged

non-conformity of the goods did not substantially impair the value of the goods to CMRG.

### Seventh Affirmative Defense

94. CMRG's Counterclaims should be dismissed, or any damages to which it may be entitled reduced, in whole or in part, by CMRG's failure to give Deer Stags reasonable opportunity to cure.

### Eighth Affirmative Defense

95. Whatever injuries or damages, if any, were sustained by CMRG, were caused, at least in part, by the actions and/or omissions of CMRG.

### Ninth Affirmative Defense

96. Deer Stags is not liable to CMRG because, as a result of prior course of dealing, usage of trade and/or course of performance, CMRG knew or should have known the materials of which the shoes it ordered were constructed.

### Tenth Affirmative Defense

97. Deer Stags is not liable to CMRG, or CMRG's damages should be reduced, due to CMRG's failure to mitigate.

### Eleventh Affirmative Defense

98. CMRG's claims are barred by the doctrines of waiver, laches and/or estoppel.

### Twelfth Affirmative Defense

99. Deer Stags is not liable to CMRG because CMRG did not overpay for the product it received from Deer Stags.

### Thirteenth Affirmative Defense

100.    Deer Stags is not liable to CMRG because the shoes which CMRG received from Deer Stags conformed to the parties' contracts.

### Fourteenth Affirmative Defense

101.    Deer Stags is not liable to CMRG because Deer Stags' alleged breach of any contract with CMRG was not the proximate cause of CMRG's alleged damages.

### Fifteenth Affirmative Defense

102.    Deer Stags is not liable to CMRG, or CMRG's damages should be reduced, because CMRG's alleged damages were not reasonably foreseeable at the time of contracting.

### Sixteenth Affirmative Defense

103.    Deer Stags is not liable to CMRG, or CMRG's damages should be reduced, because Deer Stags had no knowledge or reason to know of CMRG's general and/or particular requirements and needs.

### Seventeenth Affirmative Defense

104.    Deer Stags is not liable to CMRG, or CMRG's damages should be reduced, because they are speculative.

### Eighteenth Affirmative Defense

105.    Any claims of CMRG based upon post-sale warranties which are modifications to the parties' contracts may be barred by the statute of frauds.

**Nineteenth Affirmative Defense**

106. CMRG's claim for breach of implied duty of good faith and fair dealing should be dismissed to the extent it seeks to impose obligations on Deer Stags which are greater than any obligations contained in the parties' contracts.

**Twentieth Affirmative Defense**

107. CMRG's claim pursuant to Massachusetts General Laws Chapter 93A, Section 11 should be dismissed because Deer Stags' actions were permitted by state and federal law.

**Twenty-First Affirmative Defense**

108. CMRG's claim pursuant to Massachusetts General Laws Chapter 93A, Section 11 should be dismissed because the location of the alleged unfair deceptive conduct did not occur primarily and/or substantially in Massachusetts.

**Twenty-Second Affirmative Defense**

109. CMRG's claim for negligent misrepresentation must be dismissed because Deer Stags had no special relationship with CMRG.

**Twenty-Third Affirmative Defense**

110. Deer Stags had no duty to disclose any facts with respect to which CMRG's claims there was a material omission.

**Twenty-Fourth Affirmative Defense**

111. CMRG's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

**Twenty-Fifth Affirmative Defense**

112.    CMRG's Counterclaim for unjust enrichment should be dismissed because of the existence of express contracts between the parties.

**Twenty-Sixth Affirmative Defense**

113.    CMRG's Counterclaims for breach of the implied duty of good faith and fair dealing should be dismissed because it is redundant or duplicative of CMRG's breach of contract Counterclaim.

**Twenty-Seventh Affirmative Defense**

114.    CMRG's Counterclaim for fraud fails to sufficiently allege a duty independent of any contractual obligation that existed between Deer Stags and CMRG.

**WHEREFORE**, plaintiff, Deer Stags, Inc., demands judgment as follows:

   a.    Dismissing each Setoff/Counterclaim of Designs Apparel, Inc. and CMRG Apparel, LLC;

   b.    Entering judgment against each defendant for the relief demanded in the Amended Complaint, including incidental damages, interest and attorneys' fees, all in an amount to be determined at the time of trial;

   c.    For the costs, disbursements and interest as provided by law; and

   d.  For such other and further relief as is just and proper.

Dated: New York, New York
   July 10, 2008

                  HARTMAN & CRAVEN LLP

                  By: s/ Peter G. Goodman
                  488 Madison Avenue, 16th Floor
                  New York, New York 10022
                  (212) 753-7500
                  Attorneys for Plaintiff

TO:  TRACHTENBERG RODES & FREIDBERG LLP
    Attn: Barry J. Friedberg
    545 Fifth Avenue
    New York, New York 10017
    (212) 972-2929
    Attorneys for Defendants